# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| In re: <br><br> **Shallow Water Workover & Drilling Operations, LLC,** <br><br> *Debtor*. | Case No. 20-50721 <br><br> Chapter 7 <br><br> (Joint Administration Requested)[1] |
| In re: <br><br> **Shallow Water Workover & Drilling, LLC,** <br><br> *Debtor*. | Case No. 20-50722 <br><br> Chapter 7 <br><br> (Joint Administration Requested) |
| In re: <br><br> **Moncla Companies Payroll 2016, LLC,** <br><br> *Debtor*. | Case No. 20-50723 <br><br> Chapter 7 <br><br> (Joint Administration Requested) |

**TRUSTEE'S *EX PARTE* CONSOLIDATED APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 327 AND 328, AUTHORIZING EMPLOYMENT OF <u>STEWART ROBBINS BROWN & ALTAZAN, LLC</u>**

Lucy G. Sikes, solely in her capacity as trustee (the "*Trustee*") for the Estates (the "*Estates*") of Shallow Water Workover & Drilling, LLC, Shallow Water Workover & Drilling Operations, LLC, and Moncla Companies Payroll 2016, LLC (collectively, the "*Debtors*"), submits this consolidated application (the "*Application*") and the Verified Statement of Paul Douglas Stewart, Jr. (the "*Stewart Statement*," attached hereto as **Exhibit A**) pursuant to sections 327(a) and 328 of Title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2014 and

---

[1] On October 7, 2020, the Trustee filed, concurrently herewith, that certain *Motion for Order Pursuant to Bankruptcy Rule 1015(b) Directing Joint Administration,* seeking the joint administration, for procedural purposes only, of Bankruptcy Case Nos. 20-50721, 20-50722, and 20-50723.

2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of this Court's local rules (the "**Local Rules**") seeking an order (the "**Proposed Order**," attached hereto as **Exhibit B)** authorizing the retention and employment of Paul Douglas Stewart, Jr. and the law firm of Stewart Robbins Brown & Altazan, LLC as her counsel in the above-captioned bankruptcy cases. In support of her Application, the Trustee avers the following:

1. The Debtors filed voluntary petitions under Chapter 7 of Title 11 of the United States Code on September 24, 2020 (the "**Bankruptcy Cases**"). Lucy G. Sikes was appointed the Chapter 7 Trustee in Bankruptcy Case No. 20-50721 and Bankruptcy Case No. 20-50723 on September 24, 2020 and in Bankruptcy Case No. 20-50722 on October 6, 2020.

2. This court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Subject to the approval of this Court, the Trustee seeks to employ Stewart Robbins Brown & Altazan, LLC ("**SRBA**") to serve as her counsel to perform certain necessary legal services during these cases, as detailed below.

4. As required by Bankruptcy Rule 2014(a), this Application, along with the Stewart Statement, set forth, among other things: (a) the necessity for SRBA's retention and employment in these chapter 7 cases; (b) the reasons for the selection of SRBA; (c) the professional services to be rendered by SRBA; (d) the proposed arrangement for SRBA's compensation; and (e) SRBA's connections, if any, to known creditors and parties in interest in these chapter 7 cases.

5. The services of SRBA are necessary to enable the Trustee to execute faithfully her duties. The professional services that SRBA will render to the Trustee include, but shall not be limited to, the following:

a. providing legal advice with respect to the Trustee's powers and duties;

b. advising and representing the Trustee with respect to compliance with all environmental and safety requirements applicable to the Estates, whether arising under statute, regulation, or applicable permits, and providing non-bankruptcy services to the Trustee, to the extent requested by the Trustee;

c. investigating, advising and representing the Trustee with respect to the analysis and, if merited, prosecution of causes of action, including without limitation, those found in Article 5 of the Bankruptcy Code.

d. advising the Trustee with respect to any sale of all, substantially all, or any portion of, the Estates' assets under section 363 of the Bankruptcy Code;

e. advising the Trustee concerning, and preparing on behalf of the Trustee, all necessary applications, motions, answers, orders, reports and other legal papers, as applicable;

f. appearing in Court and protecting the interests of the Trustee and the Estates, including, when necessary, representing the Trustee in litigation, contested matters, and adversary proceedings;

g. advising and assisting the Trustee in negotiations with the Estates' creditors and other stakeholders;

h. advising and assisting the Trustee concerning executory contract and unexpired lease assumptions, assignments, and rejections;

i. assisting the Trustee in reviewing, estimating, and resolving claims asserted against the Estates;

j. advising on bankruptcy practices and procedures and determinative case law; and performing all other legal services for the Trustee that may be necessary and proper in these cases or otherwise on behalf of the Trustee.

6. The Trustee has selected SRBA because of Mr. Stewart's extensive experience and knowledge of trustees' rights under the Bankruptcy Code, and because of Mr. Stewart's experience in practicing before this Court. The Trustee believes that SRBA is well qualified to represent her in this case. The Trustee has been informed that Paul Douglas Stewart, Jr., as well as other partners and associates of SRBA who will be employed in this case, are members in good standing in this Court.

7. Although the Trustee has no information at this time on any potential conflicts of interest that SRBA may have with any creditors of the Debtors or any other party in interest, given that the Debtors have not yet filed their schedules, the Trustee will continue to monitor the cases for any such conflicts and update the Court, if applicable. Subject to this qualification, to the best of the Trustee's knowledge, the shareholders and associates of SRBA do not have any connection with or any interest adverse to the Debtors, the Trustee, any creditors, or any other party in interest, or their respective attorneys or accountants, except as may disclosed herein and in the Stewart Statement.

8. Therefore, to the best of the Trustee's knowledge, based upon and set forth in the Stewart Statement, SRBA does not hold or represent any interest adverse to the Trustee, to any creditors or parties in interest, or the Debtors, and is a "disinterested person" as that phrase is defined in §101(14) of the Bankruptcy Code.

9. The Trustee understands that SRBA intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 (the "*Fee Guidelines*"), and any applicable orders in this case. SRBA will keep time and expense records for each Bankruptcy Case separately.

10. The Trustee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines, proposes to pay SRBA its customary hourly rates for services rendered that are in effect from time to time; and she submits that such rates are reasonable and should be approved by the Court at this time, subject to a determination of the amounts to be paid to SRBA upon applications for allowance.

11. As of January 1, 2020, SRBA's rates, which are adjusted from time to time to reflect economic and other conditions, range from $415 to $205 per hour for attorneys and $120 per hour for legal assistants. SRBA's hourly fees are comparable to those typically charged by attorneys of similar experience and expertise for engagements of the scope and complexity of those involved in this case. SRBA's hourly rates are reasonable and favorable to the Trustee and the Estates. The hourly rates charged by SRBA professionals differ based on, among other things, the professional's level of experience and applicable certifications. SRBA does not charge different billing rates based on the geographic location of the bankruptcy case.

12. The Trustee has also agreed to reimburse SRBA for its actual and necessary expenses. SRBA customarily is reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, express mail, photocopying costs, Lexis and Westlaw expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred but for the representation of a particular client. SRBA will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to SRBA's other clients. The liability of the Trustee to SRBA will be subject to the extent that the Trustee has adequate funds in the Estates to pay SRBA's fees and expenses.

13. Under Fed. R. Bankr. P. 6003(a), "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, th[is] [C]ourt shall not, within 20 days after the filing of the petition, grant relief regarding […] an application under [Fed. R. Bankr. P. 2014]." The Trustee respectfully requests that this Court approve this Application on an interim, *ex parte* basis to avoid immediate and irreparable harm because the Trustee cannot administer the Bankruptcy Cases without the assistance of counsel.

14. The Trustee requests a final hearing on this Application be held on November 10, 2020 at 9:00 a.m., with such hearing to be held if and only if an objection or response to the Application is timely filed on or before November 3, 2020. If no objections or responses to the Application are timely filed, the Trustee requests that the Court enter a final order on the Application without further notice or hearing.

15. Notice of this Application has been given to (i) counsel for the Debtors; and (ii) the Office of the United States Trustee.

**WHEREFORE**, the Trustee respectfully requests entry of an order in the form attached hereto as Exhibit B granting the relief requested herein *nunc pro tunc* as of the date of filing of this Application, and such other and further relief as is just.

*/s/ Lucy G. Sikes*
Lucy G. Sikes, Chapter 7 Trustee

Respectfully Submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**
301 Main Street, Suite 1640
P. O. Box 2348
Baton Rouge, LA 70821-2348
(225) 231-9998 Telephone
(225) 709-9467 Fax

By: */s/ Paul Douglas Stewart, Jr.*
Paul Douglas Stewart, Jr. (La. #24661)
dstewart@stewartrobbins.com

*Proposed Counsel for Lucy G. Sikes, Chapter 7 Trustee for the Bankruptcy Estates of Shallow Water Workover & Drilling, LLC, Shallow Water Workover & Drilling Operations, LLC, and Moncla Companies Payroll 2016, LLC*

# EXHIBIT A
# THE STEWART STATEMENT

**VERIFIED STATEMENT UNDER PENALTY OF PERJURY
OF PAUL DOUGLAS STEWART, JR.
PURSUANT TO BANKRUPTCY CODE §§328(a), 329 AND 504,
AND BANKRUPTCY RULES 2014(a) AND 2016(b)**

Paul Douglas Stewart, Jr. hereby states under penalty of perjury:

1. I am a partner of Stewart Robbins Brown & Altazan, LLC ("***SRBA***"), and a duly licensed and practicing attorney in the State of Louisiana. SRBA's office is located in Baton Rouge, Louisiana. I have been engaged in the full-time practice of law with SRBA since November 18, 2008.

2. In order to determine SRBA's connections with the Debtors, their creditors, parties in interest, their respective attorneys and accountants in the Debtors' cases, the United States Trustee, persons employed in the office of the United States Trustee, and the Trustee in the Bankruptcy Cases (the "***Relevant Entities***"), I compiled or reviewed a list of persons and professionals known by me to be involved in the Debtors' Bankruptcy Cases as well as the lists of creditors filed in the Debtors' Bankruptcy Cases (all of the foregoing are collectively referred to herein as the "***Lists***"). I then reviewed the Lists in conjunction with SRBA's conflict checking system. Given that the Debtors have not yet filed their schedules, I have not yet reviewed same, however, once filed, I will review the schedules in order to determine SRBA's connections with the creditors listed therein, if any, and amend this Statement if the information contained in the schedules changes any of the representations set forth in this Statement.

3. Following the research set forth herein, I am able to state, to the best of my knowledge, including that knowledge obtained through the steps described above, the following statements with regard to SRBA and the connections of SRBA and its attorneys with the Relevant Entities are true.

4. SRBA has never represented the Debtors, creditors, equity interest holders, or any other party in interest in connection with the Debtors' Bankruptcy Cases, other than as set forth below.

5. Neither SRBA nor any of its attorneys has ever represented a professional employed in the Debtors' Bankruptcy Cases whose name appears on the Lists, except as may be disclosed herein.

Neither SRBA nor any of its attorneys will represent any such entities in connection with the Debtors' Bankruptcy Cases.

6. SRBA or one or more of its attorneys may have represented, from time to time, entities who may have been or are creditors of, customers of, or vendors to the Estates in the past, but whose names are not shown on the Lists because they are not currently owed debts by the Estates or do not currently owe debts to the Estates. Neither SRBA nor any of its attorneys will represent any such entities in connection with the Estates.

7. Neither SRBA nor any of its attorneys have represented entities in these cases which are or have been adverse to the Trustee or Debtors in these cases.

8. Attorneys employed by SRBA have or may have professional connections with the Trustee and some of the professionals employed in the Debtors' Bankruptcy Cases due to membership and participation in professional associations, committees, and professional educational programs, and due to the practice of law in which other professionals have participated on one side or another. These professional connections or associations will not preclude SRBA from taking any action, including actions adverse to such persons or entities represented by them, within the scope of its appointment.

9. Neither SRBA nor any of its attorneys has any connection, to the best of its knowledge, with persons employed in any office of the United States Trustee. SRBA has in the past represented the Chapter 7 Trustee in her capacity as Trustee in other cases in this Court.

10. None of SRBA's attorneys are a relative of nor do they have any connections with judges of the Court to which this case is assigned.

11. Based on information obtained from inquiry of SRBA attorneys and my own personal knowledge, the following statements are, to the best of my knowledge, true:

    a. SRBA is a disinterested person as defined in 11 U.S.C. §101(14).

b. Neither SRBA nor its attorneys have a prepetition claim or any other claim against the Estates.

c. Neither SRBA nor any of its attorneys hold an equity interest in the Debtors.

d. Neither SRBA nor any of its attorneys are insiders of the Debtors as defined in 11 U.S.C. §101(31)(b).

e. Neither SRBA nor any of its attorneys are or have been an investment banker for any outstanding security of the Debtors.

f. Neither SRBA nor any of its attorneys have ever been counsel to an investment banker in connection with the offer, sale or issuance of a security of the Debtors.

g. No SRBA attorneys are or were, within two years before the petition date, a director, officer or employee of the Debtors, or an investment banker for an outstanding security of the Debtors.

12. SRBA and its attorneys do not hold or represent any interest adverse to the Estates.

13. SRBA does not have an interest materially adverse to the interests of the Estates of the Debtors or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker of any security of the Debtors or for any other reason.

16. The services of SRBA are necessary to enable the Trustee to execute faithfully her duties. The professional services that SRBA will render to the Trustee include, but shall not be limited to, the following:

a. providing legal advice with respect to the Trustee's powers and duties;

b. advising and representing the Trustee with respect to compliance with all environmental and safety requirements applicable to the Estates, whether arising under statute, regulation, or applicable permits, and providing non-bankruptcy services to the Trustee, to the extent requested by the Trustee;

c. investigating, advising and representing the Trustee with respect to the analysis and, if merited, prosecution of causes of action, including without limitation, those found in Article 5 of the Bankruptcy Code.

d. advising the Trustee with respect to any sale of all, substantially all, or any portion of, the Estates' assets under section 363 of the Bankruptcy Code;

e. advising the Trustee concerning, and preparing on behalf of the Trustee, all necessary applications, motions, answers, orders, reports and other legal papers, as applicable;

f. appearing in Court and protecting the interests of the Trustee and the Estates, including, when necessary, representing the Trustee in litigation, contested matters, and adversary proceedings;

g. advising and assisting the Trustee in negotiations with the Estates' creditors and other stakeholders;

h. advising and assisting the Trustee concerning executory contract and unexpired lease assumptions, assignments, and rejections;

i. assisting the Trustee in reviewing, estimating, and resolving claims asserted against the Estates;

j. advising on bankruptcy practices and procedures and determinative case law; and performing all other legal services for the Trustee that may be necessary and proper in these cases or otherwise on behalf of the Trustee.

14. SRBA has not received a retainer in this case.

17. As of January 1, 2020, SRBA's rates, which are adjusted from time to time to reflect economic and other conditions, range from $415 to $205 per hour for attorneys and $120 per hour for legal assistants. SRBA's hourly fees are comparable to those typically charged by attorneys of similar experience and expertise for engagements of the scope and complexity of those involved in this case. SRBA's hourly rates are reasonable and favorable to the Trustee and the Estates. The hourly rates charged by SRBA professionals differ based on, among other things, the professional's level of experience. SRBA does not charge different billing rates based on the geographic location of the bankruptcy case.

18. The Trustee has also agreed to reimburse SRBA for its actual and necessary expenses, subject to the limitation of the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules and orders of this Court, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330. SRBA customarily is reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, temporary employment of additional staff, overtime meals, Lexis and Westlaw expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred but for the representation of a particular client. SRBA will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to SRBA's other clients.

19. SRBA will keep time and expense records for each Bankruptcy Case separately.

20. The liability of the Trustee to SRBA will be subject to the extent that the Trustee has adequate funds in the Estates to pay SRBA's fees and expenses.

15. I have read the Trustee's Application to Employ SRBA and the statements made therein are true and correct to the best of my knowledge, information and belief under penalty of perjury.

*/s/ Paul Douglas Stewart, Jr.*
Paul Douglas Stewart, Jr.

Dated: October 7, 2020

# EXHIBIT B
# PROPOSED ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| In re: <br><br> **Shallow Water Workover & Drilling Operations, LLC,** <br><br> *Debtor*. | Case No. 20-50721 <br><br> Chapter 7 <br><br> (Joint Administration Requested) |
| In re: <br><br> **Shallow Water Workover & Drilling, LLC,** <br><br> *Debtor*. | Case No. 20-50722 <br><br> Chapter 7 <br><br> (Joint Administration Requested) |
| In re: <br><br> **Moncla Companies Payroll 2016, LLC,** <br><br> *Debtor*. | Case No. 20-50723 <br><br> Chapter 7 <br><br> (Joint Administration Requested) |

**INTERIM ORDER GRANTING TRUSTEE'S *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 327 AND 328, AUTHORIZING EMPLOYMENT OF STEWART ROBBINS BROWN & ALTAZAN, LLC**

Considering the *Trustee's Ex Parte Application for Order Pursuant to 11 U.S.C. §§ 327 and 328, Authorizing the Employment of Stewart Robbins Brown & Altazan, LLC* (the "***Application***"), filed by Lucy G. Sikes (the "***Trustee***"); the accompanying Verified Statement of Paul Douglas Stewart, Jr., a member of the firm of Stewart Robbins Brown & Altazan, LLC (the "***Stewart Statement***"); the Court being satisfied based on the representations made in the Application and the Stewart Statement that said attorneys are disinterested and represent no interest adverse to the estates or with any creditors with respect to the matters upon which they are to be engaged, and that the employment of Stewart Robbins Brown & Altazan, LLC is necessary and

would be in the best interests of the Trustee and these estates; such application appearing well-founded and appropriately heard *ex parte*; and good and sufficient cause appearing therefore;

**IT IS ORDERED THAT**:

1. The Application is approved on an interim basis pending final hearing (if any), subject to the terms of the Interim Order.

2. The Trustee is authorized to employ and retain Stewart Robbins Brown & Altazan, LLC as her counsel in this case upon the terms and conditions set forth in the Application, *nunc pro tunc* to the date the Application was filed, October 7, 2020.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. Stewart Robbins Brown & Altazan, LLC shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules and orders of this Court, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, and such procedures as may be fixed by order of this Court.

5. The Court will hold a final hearing on the Application, if required, on Tuesday, November 10, 2020 at 9:00 a.m. Central Time.

6. Any objections to the Application shall be filed no later than Tuesday, November 3, 2020.

7. If no objections to the Application are timely filed, the Court may enter a final order on the Application without further notice or hearing.

###

Respectfully Submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**
301 Main Street, Suite 1640
P. O. Box 2348
Baton Rouge, LA 70821-2348
(225) 231-9998 Telephone
(225) 709-9467 Fax

By: <u>*/s/ Paul Douglas Stewart, Jr.*</u>
Paul Douglas Stewart, Jr. (La. #24661)
dstewart@stewartrobbins.com

*Proposed Counsel for Lucy G. Sikes, Chapter 7 Trustee for the Bankruptcy Estates of Shallow Water Workover & Drilling, LLC, Shallow Water Workover & Drilling Operations, LLC, and Moncla Companies Payroll 2016, LLC*